**In the Matter of Thomas Albert MOSIER, Debtor.**

**Marvin O. WHITFIELD, Jr., Plaintiff,**

v.

**Thomas Albert MOSIER, Defendant.**

**Bankruptcy No. 83–00208G.**
**Adv. No. 83–0099G.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

Feb. 7, 1984.

Shepherd Howell, Cartersville, Ga., for plaintiff/creditor.

Jane Kent Plaginos, Cumming, Ga., for defendant/debtor.

### ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

On December 6, 1983, plaintiff filed a complaint objecting to the defendant-debtor's Chapter 7 discharge based on §§ 727 and 523(a)(6) of the Bankruptcy Reform Act. The debtor had filed a Chapter 7 petition on August 8, 1983, and a § 341 hearing had been held on September 19, 1983. The deadline for filing a complaint objecting to discharge was listed as November 18, 1983.

The deadline for filing complaints objecting to discharge pursuant to § 727(a) is governed by Bankruptcy Rule 4004. That Rule permits the filing of objections not later than 60 days following the date set for the § 341 hearing. Bankruptcy Rule 4004(a). Rule 4007, by specifically mentioning § 523(c) and excluding mention of § 523(a)(6), appears to permit a cause of action under § 523(a)(6) to be filed at any time:

> Rule 4007. Determination of Dischargeability of a Debt.
>
> (b) Time for Commencing Proceeding Other Than Under § 523(c) of the Code. A complaint other than under § 523(c) may be filed at any time.
>
> (c) A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first day set for the meeting of creditors held pursuant to § 341(a).

Under either Rule 4004 or 4007, the court may enlarge the period of time for filing an objection if a party for cause makes the request prior to the expiration of the 60-day period.

Section 523(c) permits a debtor to discharge a debt of the type specified under subsection (2), (4) or (6). Section 523(a)(3)(B), however, gives some relief to a creditor who lacks notice or actual knowledge of the debtor's bankruptcy by permitting the creditor to file an objection beyond the 60-day period. Thus, a creditor who wanted to rely on § 523(a)(6) in support of his objection to the discharge of a debt would be required to have neither notice nor actual knowledge of the bankruptcy filing in order to commence a Complaint beyond the 60-day period. The instant circumstances show that the creditor was properly listed in the schedules of the Chapter 7 debtor, received notice, and attended the § 341 creditors' meeting. The circumstances also show that the creditor did not file his objection to the creditor's discharge or request an extension of time to file the objection prior to the expiration of the 60 days. It is incumbent upon this court, therefore, to dismiss the plaintiff's complaint as not being timely filed.